# UNITED STATES DISTRICT COURT

_____Western_____    District of    _____Pennsylvania_____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| WILLIAM F. PERRY | Case Number:    07-00293-001 |
| | Sally A. Frick |
| | Defendant's Attorney |

## THE DEFENDANT:

x    pleaded guilty to count(s)    2,4,6,8,10 of the Indictment.

☐    pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐    was found guilty on count(s) _____
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2113(d) | Armed Bank Robbery | 9/18/04 | 2,4,6,8,10 |

　　　The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) _____

x    Count(s)  1,3,5,7,9 _____    ☐ is    x  are  dismissed on the motion of the United States.

☐    The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X    It is Ordered that the defendant shall pay to the United States a special assessment of    $500    which shall be due immediately.

　　　IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

09621-068                                                                                  June 8, 2009

_____    _____
Defendant's USM No.                                                  Date of Imposition of Judgment

                                         *Donetta W. Ambrose*

                                         _____
                                         Signature of Judicial Officer

                                         Donetta W. Ambrose, Chief United States District Judge
                                         _____
                                         Name and Title of Judicial Officer

                                         6/17/09
                                         _____
                                         Date

DEFENDANT:        WILLIAM F. PERRY
CASE NUMBER:      07-00293-001

# IMPRISONMENT

X    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

188 months. This term consist of 188 months at each of Counts 2,4,6,8,10 at Criminal No. 7-293 and 188 months at Counts 1-4 at Criminal No. 9-1 all to run concurrently for a total term of 188 months.

**(The parties agree that the sentence be concurrent to and not in addition to the parole violation sentence of 48 months that the defendant must serve in the Commonwealth of Pennsylvania. It is ordered that the 48 months shall be served first and concurrent to the Federal sentence imposed.)**

X    The court makes the following recommendations to the Bureau of Prisons:

Credit for any time served .

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m. ☐ p.m.  on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
                                    UNITED STATES MARSHAL

By _____
                        DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

DEFENDANT:        WILLIAM F. PERRY
CASE NUMBER:      07-00293-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

5 years. This term consist of 3 years at each of Counts 2,4,6,8,10 at Criminal No. 7-293 and 5 years at Counts 1-4 at Criminal No. 9-1 all to run concurrently for a total term of 5 years. .

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

x    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is directed by the probation officer.

☐    The defendant shall participate in an approved program for domestic violence.

x    Additional conditions (See below)

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse.

Additional Conditions:

SEE ATTACHMENT

DEFENDANT:        WILLIAM F. PERRY
CASE NUMBER:      07-00293-001

## ADDITIONAL CONDITIONS

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall advise the U.S. Attorney's Office of any change of address within 30 days while any portion of the restitution remains outstanding.

The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall be evaluated and if deemed appropriate participate in a mental health treatment program specifically designed to address gambling addiction as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall pay any remaining restitution balance at a rate of not less than five percent of his gross monthly earnings, but in any event not less than $25 per month. The first payment shall be made within 60 days of the defendant's release from the custody of the Bureau of Prisons.

DEFENDANT:          WILLIAM F. PERRY
CASE NUMBER:        07-00293-001

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

DEFENDANT:        WILLIAM F. PERRY
CASE NUMBER:    07-00293-001

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

x    The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| SEE ATTACHMENT | SEE ATTACHMENT |

Payments of restitution are to be made to:

☐    the United States Attorney for transfer to the payee(s).
X    Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐    in full immediately.
☐    in full no later than
☐    in equal monthly installments over a period of                    months.  The first payment is due on the date of this judgment.
     Subsequent payments are due monthly thereafter.
x    in installments according to the following schedule of payments:

SEE ATTACHMENT

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X    The Court has determined that the defendant does not have the ability to pay interest.  It is Ordered that:

    x    the interest is waived.
    ☐    the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐    The defendant is ordered to forfeit the following property to the United States:

DEFENDANT: WILLIAM F. PERRY
CASE NUMBER: 07-00293-001

## RESTITUTION

It is further ordered that the defendant shall pay a total $663,941.69 in restitution to the following victim banks and in the following amounts:

ESB Bank 1793 Mercer Road, Ellwood City, PA 16117 (loss $9,292.69); 1st National Community Bank, P.O. Box 796, East Liverpool, OH 43920(loss $165,600); Kish Valley National Bank, Stone Valley Branch, 5437 McAlevy's Fort Road, McAlevy's Fort, PA 16669 (loss $146,608); Washington Federal Savings Bank, Rt. 50, Hickory, PA 15340 (loss $199,000); First National Bank, 437 Westmoreland Avenue, Avonmore, PA 15618 (loss $143,441). The defendant shall participate in the Bureau of Prison's Inmate Financial Responsibility Program whereby 50 percent of his prison salary shall be applied to the restitution. Following the defendant's release from the custody of the Bureau of Prisons, any outstanding restitution shall be paid as a condition of supervised release. As the Court finds that the defendant does not have the ability to pay interest in this case, the interest is waived.